UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON QUONG, | Case No. 2:21-cv-02134-JDP (SS) |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security | |
| Defendant. | |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Both parties have moved for summary judgment. ECF Nos. 11 & 12. For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's is denied, and this matter is remanded for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

## Background

Plaintiff filed an application for DIB on March 31, 2019, alleging disability beginning June 29, 2018. Administrative Record ("AR") 154-55. After his application was denied both initially and upon reconsideration, plaintiff appeared and testified at a hearing before an ALJ on December 10, 2020. AR 29-59, 94-98, 103-09. On January 25, 2021, the ALJ issued a decision finding that plaintiff was not disabled. AR 15-24. Specifically, the ALJ found:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.
>
> 2. The claimant has not engaged in substantial gainful activity since June 29, 2018, the alleged onset date.
>
> 3. The claimant has the following severe impairments: degenerative

joint disease of the knees; left shoulder tendinopathy; depression; anxiety; and obsessive-compulsive disorder.

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

\* \* \*

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he is limited to frequent balancing, stooping, crouching, and climbing of ramps and stairs, occasional climbing of ladders, ropes, and scaffolds, occasional kneeling and crouching, occasional operation of foot controls, and occasional overhead reaching with the left upper extremity. Mentally, the claimant can understand, remember, and carry out simple instructions and perform routine, repetitive tasks. The claimant is limited to occasional changes to the work setting with no more than occasional interruptions to the work routine, and no more than occasional interactions with members of the public and supervisors.

\* \* \*

6. The claimant is unable to perform any past relevant work.

\* \* \*

7. The claimant was born [in] 1966 and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date.

8. The claimant has at least a high school education.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 29, 2018, through the date of this decision.

AR 17-24 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-6. He now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Analysis

Plaintiff advances three arguments. First, he argues that the ALJ erred in evaluating the medical opinion evidence of his treating physician, Brian Davis, M.D. ECF No. 11 at 6-11. Second, he argues that the ALJ erred in evaluating the testimony of his former supervisor, Richard Mancha. *Id.* at 11-14. Third, he argues that the ALJ discounted his subjective symptom testimony without providing clear and convincing reasons for doing so. *Id.* at 14-17. Because I agree that the ALJ improperly discounted plaintiff's subjective symptom testimony and grant summary judgment on that basis, I do not reach his other two arguments.

In the Ninth Circuit, courts follow a "two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "'First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). If the claimant meets this requirement and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* The ALJ's reasons also must be supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ provided the following summary of plaintiff's physical symptom testimony:

> The claimant testified that he left work after an injury to his knee became progressively worse and it became too tough to do the job. . . . The claimant also confirmed using a forearm crutch for the last three years, which was prescribed by his doctor, and stated it

4

> helps take the weight off his leg. . . . Physically, the claimant stated sitting causes pain and that he can only sit for 60 minutes before needing to shift positions, and then can return to sitting after 30 minutes of being in a different position. The claimant stated he is unable to walk at a normal pace, but then added he might be able to do it with his crutch but that it would be painful. The claimant further added that he has to be cognizant of every step he takes so as not to make his knee pain worse or further damage his knee. The claimant noted that he sometimes uses two crutches two times a month, but that he does not go out very often.

AR 20. In his motion, plaintiff points to other portions of his testimony in which he stated that he could only sit for 20 to 30 minutes at a time. ECF No. 11 at 7 (citing AR 36-39, 45). Plaintiff also testified that his pain causes fatigue that in turn would cause him to lose focus for extended periods of time during his workdays. AR 36-38. Otherwise, the ALJ's summary accurately reflects plaintiff's symptom testimony.

The ALJ found that plaintiff had the following severe impairments: degenerative joint disease of the knees, left shoulder tendinopathy, depression, anxiety, and obsessive-compulsive disorder. AR 18. He then found that plaintiff retained the following RFC:

> to perform light work as defined in 20 CFR 404.1567(b), except he is limited to frequent balancing, stooping, crouching, and climbing of ramps and stairs, occasional climbing of ladders, ropes, and scaffolds, occasional kneeling and crouching, occasional operation of foot controls, and occasional overhead reaching with the left upper extremity. Mentally, the claimant can understand, remember, and carry out simple instructions and perform routine, repetitive tasks. The claimant is limited to occasional changes to the work setting with no more than occasional interruptions to the work routine, and no more than occasional interactions with members of the public and supervisors.

AR 19. In reaching this RFC determination, the ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." AR 22. He added that "the limitations alleged by the claimant that find support within the objective medical record have been accommodated for by the above [RFC] assessment." AR 23.

As an initial matter, the ALJ's implication that his RFC assessment accounted for

5

plaintiff's alleged symptoms and limitations cannot be sustained. In supporting the limitation to light work with "frequent balancing, stooping, crouching, and climbing of ramps and stairs," the ALJ necessarily rejected—at a minimum—plaintiff's testimony that he needed a crutch to walk. *See* AR 22 ("I do not find anything to dispute the ability to perform light work or anything to support the need for a cane or crutches."). As such, he was required to supply clear and convincing reasons to discount plaintiff's testimony.

At no point did the ALJ specifically identify any inconsistency between plaintiff's testimony and the evidence of record. Instead, he simply summarized plaintiff's medical history, provided a brief listing of other potentially contradictory facts, and concluded without elaboration that plaintiff had the RFC reproduced above. *See* AR 19-23. As the Ninth Circuit has explained, "[t]his is not the sort of explanation or kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (finding that the ALJ erred by "simply stat[ing] her non-credibility conclusion and then summariz[ing] the medical evidence supporting her RFC determination"); *see Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (holding that the ALJ cannot simply provide a "detailed overview of [the claimant's] medical history" and then offer "non-specific conclusions that [the claimant's] testimony was inconsistent with [his] medical treatment").

The Commissioner attempts to salvage the ALJ's decision by identifying evidence mentioned in the decision that could be interpreted as inconsistent with plaintiff's testimony. Specifically, the Commissioner argues that the ALJ's decision is sufficient for three reasons: first, the ALJ "properly found that the objective medical evidence did not corroborate plaintiff's claims of disabling symptoms"; second, "[p]laintiff's activities of daily living supported the ALJ's rejection of plaintiff's claims of disability"; and third, "the ALJ's discussion of [plaintiff's] treatment history reinforced the rejection of plaintiff's complaints." ECF No. 12 at 6-9. However, the Commissioner does not identify where the ALJ explained how any of this evidence is inconsistent with specific pieces of plaintiff's testimony. A general juxtaposition of record evidence with a catalogue of plaintiff's symptom-related testimony does not pass muster. "'[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must *explain*

what evidence undermines the testimony.'" *Brown-Hunter*, 806 F.3d at 493 (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (emphasis added by *Brown-Hunter* court)).  The ALJ's failure to set out specific, clear, and convincing reasons to discount plaintiff's subjective symptom testimony deprives the court of the ability to determine whether his conclusions are supported by substantial evidence.

Even if the ALJ had presented the reasons proffered by the Commissioner with greater clarity, they would be insufficient under the clear-and-convincing standard.  The ALJ's purported first reason—that "the objective medical evidence did not corroborate plaintiff's claims of disabling symptoms"—is insufficient as a matter of both law and fact.  ECF No. 12 at 6.  Regarding plaintiff's knee pain and use of crutches, the Commissioner contends that the ALJ "noted that medical imaging was largely normal and did not reflect the extreme nature of [p]laintiff's limitations."  *Id.* at 8 (citing AR 20-21, 275 ("knee x-ray showed trace joint effusion and no substantial arthrosis"), 427-29 ("right knee MRI showed mild to moderate findings with no tears or fractures")).  Even if these findings indicate only moderate injury, they do not contradict plaintiff's testimony regarding his pain and functional limitations.  Plaintiff's sports medicine specialist, Dr. Davis, interpreted these results alongside his own evaluation and consistently echoed plaintiff's alleged limitations.  *See* AR 340-341, 2792-95, 4501-04.  In September 2018, Dr. Davis wrote that plaintiff's "function is SEVERELY limited and has caused him to miss work, be unable to exercise[,] and is leading to significant mood disorder."  AR 341 (capitalization in original).  The following year, he provided a medical source opinion in which he noted that plaintiff required forearm crutches to walk, could not walk long distances, and had "impaired sitting tolerance."  AR 2792.  He indicated that plaintiff's pain or other symptoms were "frequently" or "constantly" severe enough to interfere with the attention and concentration needed to perform simple work tasks, and he opined that plaintiff is not capable of performing full-time work.[1]  AR 2793, 2795.

---

[1] The ALJ acknowledged Dr. Davis's opinion but did not appear to accord it any weight, because "Dr. Davis indicated that assessing functional limitations would require a functional capacity evaluation."  AR 21.  Plaintiff argues that this independently constitutes harmful error. ECF No. 11 at 6-11.  I do not reach this argument.

   Moreover, ALJ's "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of [symptoms]." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect our symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."). Because he found that plaintiff's "medically determinable impairments could be expected to cause the alleged symptoms," AR 22, he was required to identify reasons other than a lack of objective medical evidence to discount plaintiff's testimony.

   Neither does record evidence relating to plaintiff's daily activities contradict his testimony. The ALJ points to only one daily activity to undermine the plaintiff's alleged knee impairments: shortly after stating that he finds nothing "to support the need for a cane or crutches," he notes that plaintiff was "training for a marathon in April 2019." AR 22 (citing 458). The medical record containing this note was generated because plaintiff had sought medical attention for "acute left shoulder pain" caused by overuse of his crutch. *See* AR 458. The note states that plaintiff "[u]ses forearm crutches to help reduce load on his surgically repaired knees," and that he was reportedly "training and overdid it leading to significant anterior shoulder pain." AR 458. Plaintiff argues that this "training" represents little more than his aspirations of someday being active again, regarding which he provided testimony during his hearing. ECF No. 11 at 16 (citing AR 42 (testifying that he sought out a customized set of crutches with the "dream of . . . be[ing] active again"). A passing note regarding plaintiff's failed efforts to be more active with his new crutches does not contradict testimony that he requires crutches.

   The third reason given by the Commissioner—that plaintiff's treatment history undermines his testimony—is also insufficient. ECF No. 12 at 9. With respect to plaintiff's knee pain, the ALJ cited a single note from September 2020 indicating that plaintiff had reduced pain and improved symptoms following a surgical procedure. AR 22 (citing AR 3751). Like the citation to plaintiff's "training," this citation is provided shortly after the claim that the record does not support plaintiff's need for crutches; again, the ALJ does not explain how this note

8

demonstrates that plaintiff does not need crutches, and nothing in the note suggests as much.

The Commissioner argues that this note provides a legitimate reason to discount plaintiff's testimony because "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). However, neither the ALJ nor the Commissioner provides any reason to expect that this treatment yielded lasting improvement. The administrative record is littered with notes of temporarily reduced pain following various injections and surgical procedures, all of which ultimately failed. *See* AR 3751 (noting that prior interventions had failed). The note itself indicates that plaintiff is "hopeful around this procedure but does not expect to be pain free." AR 3751. Elsewhere, plaintiff's long-term sports medicine specialist opined that his prognosis was poor. AR 2792. Such limited evidence of medical improvement is not substantial evidence that plaintiff's condition can be effectively controlled with treatment.

The ALJ's failure to set out specific, clear, and convincing reasons to discount plaintiff's subjective symptom testimony deprives the court of the ability to determine whether his conclusions are supported by substantial evidence. This error warrants remand to allow for proper consideration of the evidence of record. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 11, is granted.

2. The Commissioner's cross-motion for summary judgment, ECF No. 12, is denied.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor.

IT IS SO ORDERED.

Dated:   August 23, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE